FILED IN CHAMBERS
U.S.D.C. Rome

DEC 06 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

PHILIP L. DONIHE,

        Plaintiff,

  v.

MARK YOUNG d/b/a YOUNG
TRUCKING; PROGRESSIVE
INSURANCE COMPANY; COMMERCIAL
AUTOMOBILE DIVISION,

        Defendants.

CIVIL ACTION

NO. 4:05-CV-052-RLV

O R D E R

    This is a wrongful death action, in which the plaintiff claims that a large rock was thrown from a dump truck through the windshield of his wife's oncoming vehicle, causing her fatal injuries. This matter comes before the court on the defendants' motion to exclude the testimony of the plaintiff's experts [Doc. No. 23-1], the plaintiff's motion for leave to file an out-of-time motion objecting to the defendants' proposed experts [Doc. No. 28], and the plaintiff's motion to exclude the testimony of the defendants' experts [Doc. No. 29-1]. For the reasons set forth below, the court GRANTS in part the defendants' motion and DENIES the plaintiff's motions.

    The pending motions are <u>Daubert</u> motions objecting to the opposing party's use of an expert's testimony pursuant to Rule 702 of the Federal Rules of Evidence and Local Rule 26.2(C), and <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579 (1993). In

considering a <u>Daubert</u> motion, this court determines the admissibility of expert witness testimony under Rule 702 according to a three-part inquiry: (1) whether the witness is qualified as an expert, (2) whether that witness's conclusions are sufficiently reliable, and (3) whether the witness's testimony is helpful to the trier of fact. <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004). The caselaw interpreting <u>Daubert</u> and its progeny make clear that each prong of this "gatekeeping" inquiry is an independent requirement that must be satisfied before allowing expert witness testimony.

First, a witness may be qualified as an "expert" under Rule 702 based on either the witness's "knowledge, skill, experience, training, or education." Notably, this is a distinction separate from the inquiries into whether the proposed testimony is reliable or helpful to a jury. When qualifying a witness as an expert, the court merely looks at whether the witness's opinion testimony about a fact at issue is based on his or her expertise derived from some specialized experience beyond that of the average juror. <u>Kuhmo Tire Co. v. Carmichael</u>, 526 U.S. 137, 148-50 (1999).

Second, an expert's conclusions are sufficiently reliable when the methodology used is valid and can be properly applied to the facts at issue in the case. <u>Daubert</u>, 509 U.S. at 592-93. This separate inquiry is required in order to ensure that an expert's testimony is not admitted based solely on his or her status as an

expert; the court must also conclude that the expert's testimony is based on a methodology that gives it a sufficient degree of reliability. Frazier, 387 F.3d at 1262. However, it is important to distinguish between evaluating reliability and making conclusions as to the persuasiveness or credibility of an expert's testimony. Concluding that an expert's testimony is admissible must necessarily stop short of interfering with the role of the fact finder. It is not the court's place to "supplant the adversary system" by denying evidence that is based on questionable methods or imprecise techniques. Quiet Technology DC-8 v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). Rather, as long as an expert's methodology is "rooted in real science" and "empirically testable," any flaw in an expert's approach is more appropriately exposed by the adversarial process. Quiet Technology, 326 F.3d at 1346.

Third, before concluding that an expert's testimony is admissible, the court must also determine whether the proposed testimony is helpful to the trier of fact. With this part of the inquiry, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." Frazier, 387 F.3d at 1262. If the proffered testimony could be equally as well argued by a lawyer during closing arguments, then an expert's testimony would not be particularly helpful to a jury. Id.

Additionally, it is important to bear in mind that admissible evidence, even expert testimony, is still subject to Federal Rule of Evidence 403, which permits excluding otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." This is important given that expert testimony can be especially powerful and possibly misleading for lay jurors who may tend to over-emphasize the importance or value of an expert's opinion. Daubert, 509 U.S. at 595; Frazier, 387 F.3d 1263.

DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERTS

The defendants object to three potential experts identified by the plaintiff: Herman Hill, Tony Penson, and Shane O'Neal. Specifically, the defendants seek to exclude Hill's expert testimony entirely and to limit Penson's and O'Neal's testimony to that of fact witnesses only. Hill's proffered testimony is based on his survey of the accident scene and dump truck and on his independent test re-creating the alleged conditions immediately preceding the accident. His testimony goes to whether the driver of the dump truck should have been aware of a rock lodged between the truck's rear tandem tires. Penson's proffered testimony is based on his involvement at the accident scene as a police officer assisting the accident investigation. Lastly, O'Neal's proffered testimony is based on his experience as a dump truck driver, and, like expert Hill, his testimony goes to whether a dump truck driver

4

should have been aware of a rock embedded in the truck's rear tires.

Herman Hill

Regarding Hill's qualification as an expert, the plaintiff points out that Hill is a professional engineer specializing in traffic and accident reconstruction. Notably, the defendants do not object to Hill's qualification as an expert (only to his reliability and helpfulness). Based on Hill's training and experience and because his testimony is derived from the employment of his specialized skills, the court concludes that Hill is qualified as an expert witness.

Regarding the reliability of Hill's testimony, the defendants assert that Hill's tests reconstructing the conditions at the time of the accident were fundamentally flawed and unreliable. The basis for this assertion is the methodology utilized by Hill to reconstruct the conditions in the dump truck at the time of the accident. In order to determine whether an expert's testimony is sufficiently reliable, the Supreme Court has suggested several criteria that may be utilized: (1) whether the methodology used is testable, (2) whether the methodology has been subjected to peer review, (3) the known or potential error rate, and (4) whether the methodology is generally accepted within the relevant expert community. Daubert, 509 U.S. at 593-94. This is not an exhaustive list. Instead, these elements are considered only to the extent

practicable in order to determine whether the methodology actually used was "discernible and rooted in real science-i.e., were 'intellectually rigour[ous]'." Quiet Technology, 326 F.3d 1346 (quoting Kumho Tire, 526 U.S. at 152).

The flaws in Hill's methodology, according to the defendants, are that Hill did not use the same dump truck that was involved in the accident, that the test truck had smaller and different type tires, that the test did not duplicate the actual speed of the truck at the time of the accident, that the test was conducted on different type pavement than present at the accident scene, and that the test did not measure the depth at which the test rock was lodged in the tandem tires (which is allegedly important because the plaintiff claims that the defendant Young should have heard the noise created by the rock striking the road surface while driving the dump truck before it dislodged and struck the plaintiff's wife). The plaintiff, on the other hand, essentially argues that any differences between the test conditions and the actual conditions at the time of the accident have no bearing on the test's reliability. This court agrees.

Naturally, it would be impossible to perfectly re-create the conditions at the time of the accident. The actual rock cannot be used and finding an exact match would be impracticable, if not impossible. The actual speed of the dump truck as it traveled toward the victim's car is apparently not precisely known.

6

Moreover, the plaintiff argues that the different size tires used on the test dump truck is not a significant enough factor to skew the test results, and he argues that the different pavement at the test site was equal to the pavement at the accident site. Thus, the differences between the test conditions and the conditions at the time of the accident are arguably immaterial in terms of the test's reliability.

Whatever differences actually exist and whatever flaws Hill's methodology may have, his testimony is not rendered unreliable. Any flaws in the way Hill conducted his tests go to the credibility of his testimony and not its admissibility. Quiet Technology, 326 F.3d 1345-46. Thus, it would be inappropriate to find Hill's test inadmissible. However much one may agree with the defendants on this particular issue, Hill's methodology was nevertheless rooted in real science and is testable. To the extent that the defendants feel his methods were flawed, those concerns are best addressed through cross-examination during trial. It is "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [that] are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596. Therefore, this court concludes that Hill's testimony is reliable.

Regarding whether Hill's testimony satisfies the third prong of the Daubert analysis, the defendant asserts that Hill's

testimony is not "helpful" because it would not help the fact finder resolve a factual dispute. This relevancy-type analysis is two-fold: (1) whether the testimony is focused on assisting the trier of fact to understand a fact at issue, and (2) whether that testimony has a scientific connection to the issue. Quiet Technology, 326 F.3d 1346-47. First, it is clear that the testimony is relevant to the central dispute at issue in this case—whether the driver of a dump truck should have been aware of a rock lodged between the rear tandem tires as it struck the pavement. Second, there is a scientific connection between Hill's testimony and the disputed facts because Hill's testimony is based on his tests and is precisely focused on whether the driver should have known about the rock lodged between his truck's tires. Consequently, this court concludes that Hill's testimony would be helpful to an average juror who otherwise may not have the understanding or experience to understand whether a dump truck driver should be able to hear a rock striking the pavement while traveling down the road. The court will allow Hill to testify as an expert witness as proposed by the plaintiff.

Lastly, the defendants argue that even if Hill's testimony is admissible, it should nevertheless be excluded under Rule 403 because its probative value would be outweighed by its prejudicial effect. The assertion here is that despite the test's inherent flaws, a jury would place so much faith in Hill's status as an

expert that they will be confused and misled about the value of his testimony. However, this court does not find that Hill's testimony will confuse or mislead the jury to the extent that it will outweigh its probative effects. Considering the fact that the defendants will be able to proffer their own expert who will testify on substantially the same matters as Hill and considering the fact that Hill will be subject to cross-examination by the defendants, the court concludes that the risk of extraordinary confusion by the jury is sufficiently mitigated. Therefore, Hill's testimony will not be excluded under Rule 403.

### Tony Penson

Tony Penson is a police officer that assisted in the accident investigation. According to the plaintiff's response, the plaintiff does not intend to call Penson as an expert witness. Therefore, the defendant's motion to exclude Penson's expert testimony is rendered moot. If this representation is not accurate or if the plaintiff does intend to call Penson as an expert, the defendants will be granted leave to raise any objections at that time.

### Shane O'Neal

The plaintiff also seeks to proffer O'Neal as an expert witness based on his experience as a dump truck driver, and his testimony will essentially be that an operator of an unloaded dump truck should have been aware of a large rock lodged in the truck's

9

tires.  The defendant argues that O'Neal is not qualified as an expert and that his testimony is insufficiently reliable.

The basis for O'Neal's qualification is his experience as a dump truck driver since the age of eighteen.  While experience could be enough to qualify as an expert, the witness must still show how that experience is a sufficient basis for the opinion rendered in this case.  <u>Frazier</u>, 387 F.3d 1244.  The defendant argues that O'Neal's experience is limited to approximately four years working as a dump truck driver, which ended nearly seven years ago, and that O'Neal has never been professionally accredited as a commercial truck driver.  According to the defendants, O'Neal's limited experience is not enough to qualify as an "expert."[1]  Although it may be true that O'Neal possesses very little relative experience, the fact at issue is also very limited.  The plaintiff is proffering O'Neal's testimony in order to show that a driver of a dump truck would be able to hear a rock wedged in the truck's tires.  O'Neal's experience as a dump truck driver, though limited, is nevertheless more than that of an average juror, and thus his experience is sufficient to qualify as an expert in this regard.

---

[1] The defendants' arguments as to O'Neal's qualification as an expert lose ground when their objections are subsequently limited to only the extent of O'Neal's testimony, which impliedly is an objection not to O'Neal's qualification as an expert, but rather to merely the reliability of some of his testimony.

However, an expert's testimony may still be unreliable and thus inadmissable. <u>Frazier</u>, 387 F.3d 1261. Here, O'Neal's testimony is not based on any methodology whatsoever. The plaintiff seeks to have O'Neal testify as to what a driver would have heard without his having conducted any tests or analysis. The plaintiff does not present the court with any evidence or argument that O'Neal's testimony is based on an analysis of the facts or independent study. The argument is merely that his qualifications enable O'Neal to render an expert opinion on what the dump truck driver in this case should have felt and heard, but his opinion is not based on any science and is not testable. It cannot be scrutinized in any objective manner. Consequently, this court concludes that O'Neal's testimony is not sufficiently reliable to satisfy the second prong of the <u>Daubert</u> analysis.

Notably, the defendants' objection to O'Neal is limited to his opinion testimony as an expert regarding what the driver should have heard or felt. There is no objection if the plaintiff wishes to proffer O'Neal as an expert regarding any applicable standards in the dump truck industry. Accordingly, this court's decision to grant the defendant's motion as to O'Neal will not prohibit the plaintiff from proffering him to testify on those limited grounds—i.e. industry standards.

Jeffrey Gallmon

The plaintiff's response to the defendants' motion, apparently for the first time, identifies Jeffrey Gallmon as an expert witness to testify that a driver of an unloaded dump truck would hear and feel the sound of a rock wedged in the tires as it strikes the pavement. The defendants' reply brief objects to admitting Gallmon's expert testimony on the grounds that the plaintiff has never heretofore identified Gallmon as an expert witness in compliance with Federal Rule of Civil Procedure 26(a)(2) and Local Rule 26.1.

The defendants assert that the plaintiff has not identified Gallmon as an expert pursuant to the rules, or pursuant to this court's order approving the preliminary report and discovery schedule. Additionally, the defendants assert that the plaintiff has not complied with the initial disclosure requirements to identify Gallmon, nor has he subsequently amended any responses to the defendants' interrogatories to reflect an intention to call Gallmon as an expert witness. Significantly, the plaintiff has not subsequently filed any submissions to address these deficiencies.

The Federal Rules of Civil Procedure and the Local Rules of this court clearly require parties to specifically identify during the initial disclosure period and serve on the opposing party any intention to call an expert witness. That was apparently not done

regarding Gallmon. Consequently, the plaintiff will not be permitted to call Gallmon as an expert witness in this case.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AN OUT-OF-TIME MOTION OBJECTING TO THE DEFENDANTS' PROPOSED EXPERTS

The plaintiff moves this court for leave to file an untimely motion objecting to the defendants' proposed experts, David L. Brown and Roy Brunson. As the plaintiff himself points out, this court's order of April 26, 2005, directed the parties to file any motions to exclude a proposed expert no later than the date the pre-trial order was submitted. The plaintiff admits that his Daubert motion objecting to the defendants' proposed experts failed to comply with that order.

The plaintiff's motion requesting leave to file its Daubert motion makes no excuse and gives no reason why he should be allowed to submit an untimely motion. The only argument made in favor granting the extension is that it will not unduly dely the case or prejudice the jury. On this point, the plaintiff is correct.

However, whether considering an untimely Daubert motion will unduly dely or prejudice the jury is not the criteria to which this court looks in deciding whether to grant an extension for filing such a motion. Instead, the Federal Rules of Civil Procedure and the Local Rules clearly require a party that has not timely submitted its objections to show good cause for failing to comply with the timing requirements. Fed. R. Civ. P. 6, 26(a)(3); LR 26.2(C), NDGa("Any party objecting to an expert's testimony . . .

shall file a motion no later than the date that the proposed pretrial order is submitted. Otherwise, such objections will be waived, unless expressly authorized by court order based upon a showing that the failure to comply was justified."). That has not been done here.

The plaintiff asks this court to use its discretion but he does not provide any information showing cause for why this court should excuse him from conforming to the time requirements set forth in this court's previous order. Thus, no showing of good cause or justification has been presented, and this court finds none. Consequently, the court denies the plaintiff leave to file its out-of-time motion objecting to the defendants' proposed expert witnesses.

## PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF THE DEFENDANTS' EXPERTS

Because the plaintiff's motion to file an out-of-time objection has been denied and because the plaintiff has failed to provide adequate justification for failing to comply with Local Rule 26.2(C), the plaintiff's objections to the defendants' proposed experts are deemed waived. The defendants' expert witnesses, David L. Brown and Roy Brunson, will be allowed to testify.

## Conclusion

For the foregoing reasons, the defendants' motion to exclude the testimony of plaintiff's experts [Doc. No. 23-1] is DENIED in

part and GRANTED in part. The defendants' objections as to expert Hill is denied, while the defendants' objections as to experts Penson, O'Neal, and Gallmon are granted. The plaintiff's motion for leave to file an out-of-time motion objecting to the defendants' proposed experts [Doc. No. 28] is DENIED, and the plaintiff's motion to exclude the testimony of the defendants' experts [Doc. No. 29-1] is DENIED.

SO ORDERED, this **6th** day of December, 2006.

*[signature]*
ROBERT L. VINING, JR.
Senior United States District Judge